IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-473-D

MALCOLM BRIAN POPE, )
)
Plaintiff, )
) **MEMORANDUM AND**
v. ) **RECOMMENDATION**
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
)
Defendant. )

In this action, plaintiff Malcolm Brian Pope ("plaintiff" or, in context, "claimant") challenges the final decision of defendant Acting Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") on the grounds that he is not disabled. The case is before the court on the parties' motions for judgment on the pleadings (D.E. 24, 26). Both parties filed memoranda in support of their respective motions (D.E. 25, 27). Plaintiff was permitted to file a supplemental memorandum (D.E. 31) to which the Commissioner filed a response (D.E. 32). The motions were referred to the undersigned magistrate judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* D.E. 28). For the reasons set forth below, it will be recommended that plaintiff's motion be granted, the Commissioner's motion be denied, and this case be remanded for further proceedings.

I. **BACKGROUND**

A. **Case History**

Plaintiff filed an application for DIB on 14 October 2010, alleging a disability onset date of 10 October 2006. Transcript of Proceedings ("Tr.") 30. The application was denied initially

and upon reconsideration, and a request for hearing was timely filed. Tr. 30. On 28 January 2013, a video hearing was held before an administrative law judge ("ALJ"), at which plaintiff, represented by counsel, and a vocational expert testified. Tr. 51-98. The ALJ issued a decision denying plaintiff's claim on 7 March 2013. Tr. 30-45. Plaintiff timely requested review by the Appeals Council. Tr. 20-21. On 20 June 2014, the Appeals Council denied the request for review. Tr. 1-6. At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. § 404.981. Plaintiff commenced this proceeding for judicial review on 19 August 2014, pursuant to 42 U.S.C. § 405(g). (*See In Forma Pauperis* ("IFP") Mot. (D.E. 1); Order Allowing IFP Mot. (D.E. 4); Compl. (D.E. 5)).

### B. Standards for Disability

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months," the temporal criterion being known as the duration requirement. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1509 (defining duration requirement); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

2

The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R.] § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] ["Listings"] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. § 404.1520(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. If a medically severe combination of impairments is found, the combined impact of those impairments must be considered throughout the disability determination process. *Id.*

3
Case 5:14-cv-00473-D   Document 33   Filed 12/23/15   Page 3 of 13

## C. Findings of the ALJ

Plaintiff was 38 years old on the date last insured, 31 December 2011, and 39 years old on the date of the hearing. *See, e.g.*, Tr. 30; 43 ¶ 7; 53. The ALJ found that he has at least a high school education and past relevant work as an office helper/administrative assistant, truck driver/furniture mover, farm worker, truck driver, and delivery driver. Tr. 43 ¶ 6; 44 ¶ 8.

Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity from the date of alleged onset of disability to the date last insured. Tr. 32 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairments that were severe within the meaning of the Regulations: lumbar spondylosis with failed lumbar syndrome, depression, and right carpal tunnel syndrome. Tr. 32 ¶ 3. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or equals one of the Listings. Tr. 34 ¶ 4.

The ALJ next determined that plaintiff had the RFC to perform light work—that is, to lift and carry up to 20 pounds occasionally and 10 pounds frequently—subject to various limitations.[1] Tr. 35 ¶ 5. The limitations are as follows:

---

[1] Title 20 C.F.R. § 404.1567(b) defines "light work" as involving

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). The *Dictionary of Occupational Titles* ("DOT") defines "light work" as:

> Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most

4

> The claimant has no limits for sitting in an eight-hour workday and is capable of standing and/or walking for up to 4 hours in an eight-hour workday. He is able to perform occasional postural functions of climbing ramps or stairs and stooping. He is to perform no crawling, no kneeling, no crouching and no climbing of ladders, ropes, or scaffolds. In the course of work, he should be allowed the ability to optionally alternate between sitting and standing, but such would not cause him to be off-task. Secondary to depressed mood, he retains the capacity to understand, remember and carryout at least SVP 3-4 instructions and perform SVP 3-4 tasks as consistent with semi-skilled work. In the course of work, he is to be subject to no mandated production quotas. He is to perform no constant fine bilateral manipulations, but gross handling is intact. The claimant is able to perform sustained work activity on a regular and continuous basis for eight hours per day, forty hours per week.

Tr. 35 ¶ 5.

Based on her determination of plaintiff's RFC, the ALJ found at step four that plaintiff was not capable of performing his past relevant work. Tr. 43 ¶ 6. At step five, the ALJ accepted the testimony of the vocational expert and found that there were jobs in the national economy existing in significant numbers that plaintiff could perform, including jobs in the occupations of parking lot attendant, officer helper, small product assembler, stem mounter for lamps, and information clerk. Tr. 44 ¶ 10. The ALJ accordingly concluded that plaintiff was not disabled from the alleged onset date through the date last insured (*i.e.*, 10 October 2006 to 31 December 2011). Tr. 45 ¶ 11.

### D. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence

---

of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible. NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even though the amount of force exerted is negligible.

DOT app. C § IV, def. of "L-Light Work" (U.S. Dep't of Labor 4th ed. rev. 1991), http://www.oalj.dol.gov/libdot.htm (last visited 23 December 2015). "Light work" and the other terms for exertional level as used in the Regulations have the same meaning as in the DOT. *See* 20 C.F.R. § 404.1567.

in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

## II. OVERVIEW OF PLAINTIFF'S CONTENTIONS

Plaintiff contends that the ALJ's decision should be reversed and DIB awarded or, alternatively, that this case should be remanded for a new hearing on the grounds that the ALJ erred by improperly: assessing certain medical source opinion evidence, omitting the requisite frequency of alternation between sitting and standing in the RFC determination, assessing plaintiff's credibility, and omitting a limitation in the RFC determination responsive to his found difficulties in concentration, persistence, or pace in violation of *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). Because the court finds the issue of the ALJ's assessment of medical source opinion determinative of this appeal, the court limits its discussion to that issue.

## III. DISCUSSION

### A. Applicable Principles

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 416.927(a)(2). An ALJ must consider all medical opinions in a case in determining whether a claimant is disabled. *See id.* § 416.927(b); *Nicholson v. Comm'r of Soc. Sec. Admin.*, 600 F. Supp. 2d 740, 752 (N.D.W. Va. 2009) ("Pursuant to 20 C.F.R. §§ 404.1527(b), 416.927(b), an ALJ must consider all medical opinions when determining the disability status of a claimant.").

The Regulations provide that opinions of treating physicians and psychologists on the nature and severity of impairments are to be accorded controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not

inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see Craig*, 76 F.3d at 590; *Ward v. Chater*, 924 F. Supp. 53, 55-56 (W.D. Va. 1996); Soc. Sec. Ruling 96-2p, 1996 WL 374188, at *2 (2 July 1996). Otherwise, the opinions are to be given significantly less weight. *Craig*, 76 F.3d at 590. In this circumstance, the Regulations prescribe factors to be considered in determining the weight to be ascribed, including the length and nature of the treating relationship, the supportability of the opinions, and their consistency with the record. 20 C.F.R. § 404.1527(c)(2)-(6).

The ALJ's "decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Ruling 96-2p, 1996 WL 374188, at *5; *see also* 20 C.F.R. § 404.1527(c)(2); *Ashmore v. Colvin*, No. 0:11-2865-TMC, 2013 WL 837643, at *2 (D.S.C. 6 Mar. 2013) ("In doing so [*i.e.*, giving less weight to the opinion of a treating physician], the ALJ must explain what weight is given to a treating physician's opinion and give specific reasons for his decision to discount the opinion.").

The same basic standards that govern evaluation of the opinions of treating medical sources not given controlling weight and explanation of the weight given such opinions apply to the evaluation of opinions of examining, but nontreating sources, and nonexamining sources. *See* 20 C.F.R. § 404.1527(c), (e); *Casey v. Colvin*, No. 4:14–cv–00004, 2015 WL 1810173, at *3 (W.D. Va. 12 Mar. 2015), *rep. & recomm. adopted by* 2015 WL 1810173, at *1 (21 Apr. 2015); *Napier v. Astrue*, No. TJS-12-1096, 2013 WL 1856469, at *2 (D. Md. 1 May 2013). More weight is generally given to the opinions of a treating source than to the opinions of a nontreating examining source and to the opinions of an examining source than the opinions of a

nonexamining source. *See* 20 C.F.R. § 404.1527(c)(1), (2). Under appropriate circumstances, however, the opinions of a nontreating examining source or a nonexamining source may be given more weight than those of a treating source. *See, e.g.*, Soc. Sec. Ruling 96–6p, 1996 WL 374180, at *3 (2 July 1996).

The factors used to determine the weight to be accorded the opinions of physicians and psychologists (and other "acceptable medical sources") not given controlling weight also apply to the opinions of providers who are deemed to be at a different professional level (or so-called "other sources"). *See* Soc. Sec. Ruling 06-03p, 2006 WL 2329939, at *2, 4 (9 Aug. 2006); *see also* 20 C.F.R. § 416.913(d)(1) (partial listing of "other sources"). As with opinions from physicians and psychologists, the ALJ must explain the weight given opinions of other sources and the reasons for the weight given. *See* Soc. Sec. Ruling 06-03p, 2006 WL 2329939, at *6; *Napier*, 2013 WL 1856469, at *2. The fact that an opinion is from an acceptable medical source may justify giving that opinion greater weight than an opinion from a source that is not an acceptable medical source, although circumstances can justify giving opinions of sources that are not acceptable sources greater weight. Soc. Sec. Ruling 06-03p, 2006 WL 2329939, at *5.

Opinions from medical sources on the ultimate issue of disability and other issues reserved to the Commissioner are not entitled to any special weight based on their source. *See* 20 C.F.R. § 404.1527(d); Soc. Sec. Ruling 96-5p, 1996 WL 374183, at *2, 5 (2 July 1996). But these opinions must still be evaluated and accorded appropriate weight. *See* Soc. Sec. Ruling 96-5p, 1996 WL 374183, at *3.

### B. Analysis

The ALJ made the following finding regarding medical source opinion evidence of record:

> As for the opinion evidence, the undersigned affords significant and controlling weight to the objective findings on examination of the claimant's treating physicians, Drs. Hanley, Gootman, Par[i]kh, and Lestini and PA Winn. (4F, 8F, 10F, 14F-15F, 19F) The Social Security Administration accords controlling weight to the opinion of a treating physician where it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence, 20 CFR §416.927(d) (2).

Tr. 43 ¶ 5. Plaintiff contends that this finding is erroneous in various respects. The court agrees.

As discussed, the Regulations provide for an ALJ, under specified circumstances, to give controlling weight to medical opinions. They do not provide for attribution of controlling weight to objective findings. But that is precisely what the ALJ stated she did.[2] It is far from apparent what this means. She does not provide an explanation.

The law is clear that controlling weight may be accorded the opinions of only certain treating sources. Dr. Lestini, who is included in the ALJ's finding, was not a treating source. As the ALJ herself recognizes in her decision, Dr. Lestini performed an independent medical evaluation ("IME"). See Tr. 39 ¶ 5; 453-55. The IME itself disclaims a treating relationship between Dr. Lestini and plaintiff: "[Plaintiff] is here today for an IME, and therefore no doctor-patient relationship is established and no further plans for follow up were made at this time." Tr. 455.

The sources to whose opinions an ALJ may give controlling weight must be physicians, psychologists, and other acceptable sources. See 20 C.F.R. § 404.1527(c)(2). As a physician's assistant, PA Winn is not an acceptable medical source. His opinions therefore may not properly be given controlling weight.

The ALJ's misapplication of the controlling-weight rule is all the more confusing because she accurately recites it in the second sentence of the above-referenced excerpt from her

---

[2] The ALJ's attribution of "significant weight" appears to be subsumed by the attribution of "controlling weight," since the term "controlling weight" connotes greater weight than "significant weight."

decision. More substantively, Dr. Hanley opined that plaintiff was capable of work at the sedentary exertional level, as the ALJ herself recited: Dr. Hanley found that "[t]he claimant could work in a sedentary occupation with no lifting over 5 pounds." Tr. 38 ¶ 5 (referencing Tr. 409). Dr. Lestini reached a similar conclusion, again as the ALJ observed: Dr. Lestini "noted that he should be able to perform sedentary work structurally." Tr. 39 ¶ 5 (referencing Tr. 735). Nonetheless, in her RFC determination, the ALJ found plaintiff capable of work at the light exertional level. Tr. 35 ¶ 5. She does not explain this seeming inconsistency.

Moreover, the ALJ's controlling-weight finding applies to most of the sources who examined plaintiff. Indeed, she purports to assess the opinions of only one other source who examined plaintiff, namely, her treating pain specialist, Neal S. Taub, M.D.[3] See Tr. 43 ¶ 5. The ALJ stated that she "refutes" the opinions expressed by Dr. Taub in a 21 November 2012 physical RFC questionnaire form (Tr. 809-13; see also Tr. 41-42 ¶ 5 (ALJ's summary of form)) to the effect that plaintiff could not perform even low-stress work due to flare-ups of back pain. See Tr. 43 ¶ 5; see also Tr. 810-11 ¶¶ 14-15. The court assumes that by "refutes" the ALJ intended "rejects," or an equivalent term. In any event, one of two grounds[4] upon which the ALJ stated she did not accept Dr. Taub's opinions is that they are not "consistent with the record as a whole." Tr. 43 ¶ 5. This ground is tainted by the ALJ's misapplication of the controlling-weight rule to other medical source evidence, as discussed, given that such evidence comprises part of the "record as a whole."

The ambiguity created by the ALJ's misapplication of the controlling-weight rule precludes the court from conducting a meaningful review of her decision. This case should accordingly be remanded for a new hearing. See, e.g., Radford v. Colvin, 734 F.3d 288, 295 (4th

---

[3] The ALJ also set out her assessment of the opinions of the nonexamining state agency consultants. See Tr. 43 ¶ 5.

[4] The other ground is purported inconsistency of Dr. Taub's opinions with his own records. Tr. 43 ¶ 5.

Cir. 2013) ("If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." (internal quotations marks omitted)); *Way v. Colvin*, No. 5:14-CV-411-D, 2015 WL 4545721, at *6 (E.D.N.C. 1 July 2015) ("Meaningful review of an ALJ's decision is, of course, impossible if the ALJ fails to adequately explain the basis for his decision." (citing *DeLoatche*, 715 F.2d at 150)), *mem. & recomm. adopted by* 2015 WL 4560693 (28 July 2015).

## IV. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion (D.E. 24) for judgment on the pleadings be ALLOWED, the Commissioner's motion (D.E. 26) for judgment on the pleadings be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation. In making this recommendation, the court expresses no opinion on the weight that should be accorded any piece of evidence, matters that are for the Commissioner to resolve.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until 11 January 2016 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins,* **766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after filing of the objections.

This 23rd day of December 2015.

James E. Gates
United States Magistrate Judge

13

Case 5:14-cv-00473-D   Document 33   Filed 12/23/15   Page 13 of 13